

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2003

# Riddle v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2436

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Riddle v. Comm Social Security" (2003). *2003 Decisions.* Paper 115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2436
_____

MARK S. RIDDLE,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

District Court Judge: The Honorable William L. Standish
(D.C. Civil No. 02-cv-00527)
_____

Argued on October 24, 2003

Before: ALITO, FUENTES and BECKER, <u>Circuit Judges</u>.

(Opinion Filed: November 12, 2003)

John G. Burt (argued)
Suite 810, Arrott Building
401 Wood Street
Pittsburgh, PA 15222

*Attorney for Appellant*

Elizabeth A. Corritore (argued)
Office of the General Counsel
Social Security Administration
P.O. Box 41777
Philadelphia, PA 19101

*Attorney for Appellee*

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Plaintiff Mark S. Riddle appeals from a final order of the United States District Court for the Western District of Pennsylvania affirming the decision of the Commissioner of Social Security ("Commissioner") to deny his claim for disability insurance benefits under Title II of the Social Security Act. Riddle claims that the District Court erred in concluding that the Administrative Law Judge's ("ALJ") findings were supported by substantial evidence. Because we agree with the District Court that there was substantial evidence that Riddle was capable of performing a range of sedentary work, we will affirm. We will not detail the extensive medical and procedural history of this case which is certainly well known to the parties.

The District Court exercised jurisdiction over Riddle's request for review of the Commissioner's denial of benefits pursuant to 42 U.S.C. § 405(g). Because the District Court's order was a final judgment that disposed of all the parties' claims, we exercise jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. We review de novo the issue of whether the Commissioner's denial of benefits was supported by substantial

evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing Pierce v. Underwood, 487 U.S. 522, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." Hartranft, 181 F.3d at 360 (citations omitted).

After a careful review of the record and the parties' arguments, we find no basis for disturbing the District Court's well-reasoned opinion. The District Court conducted a comprehensive analysis of the evidence considered by the ALJ, including a summary of medical reports from several sources dealing with Riddle's diagnoses and treatment. The District Court then evaluated each of the alleged errors set forth by Riddle and concluded that the ALJ's decision was supported by substantial evidence. Riddle raises essentially the same issues before this Court as he did before the District Court.

There is no dispute that Riddle can no longer perform the jobs he used to; the issue is whether he can do any work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). The record shows that Riddle suffered from disc degeneration which caused him pain and bladder dysfunction, required him to stop performing heavy labor, and necessitated his taking prescription drugs which

3

caused drowsiness. However, there is also substantial evidence in the record that although Riddle had serious physical limitations, he was capable of performing some sedentary work. The Functional Capacity Evaluation conducted in August 1995 revealed that Riddle had the ability to perform at the light physical demand level on a full-time basis. Although the evaluators noted that Riddle complained of back and leg pain, they remarked that he demonstrated good use of body mechanics and "exhibited no pain behaviors." (Appendix to Brief for Appellant, at 253.) Even Riddle's primary care physician, William J. McGrath, who noted on more than one occasion that Riddle was severely impaired, never actually stated that Riddle was incapable of performing any sedentary work. We also note that, unlike the majority of social security claimants, Riddle had three hearings before ALJs (in 1996, 1998 and 2001). Each time, he failed to convince the presiding ALJ that he was incapable of performing any work.

We are satisfied that the record supports the ALJ's conclusion that, although Riddle could no longer perform his past relevant work as a farmer and heavy laborer, he could nevertheless perform a limited range of sedentary work during the alleged closed period, including work as a cutter/trimmer, addresser/mail sorter, and electronic assembler, and packager. Because we agree that the ALJ's decision was supported by substantial evidence, we will affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                                 /s/ Julio M. Fuentes
                                   Circuit Judge